**John MATALA, Petitioner,**

v.

**Walter E. WASHINGTON, Commissioner of the District of Columbia, Respondent.**

No. 5448.

District of Columbia Court of Appeals.

Argued Jan. 18, 1971.

Decided April 15, 1971.

---

5. Chambers v. Maroney, *supra,* at 47, 90 S.Ct. at 1979.

H. Clifford Allder, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom C. Francis Murphy, Acting Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before GALLAGHER, NEBEKER and REILLY, Associate Judges.

PER CURIAM:

This is a petition to review an order of the respondent Commissioner approving the findings and recommendation of a Metropolitan Police Special Trial Board.[1] Petitioner was charged with conduct unbecoming an officer and with making untruthful statements in relation to his official duties. He was found guilty by the Board of one of the several specifications and penalized ("fined") in the sum of $700, payable in installments of $10 per pay period. Upon written request of petitioner, the Chief of Police may approve extra duty in place of payment of not more than $300 of the penalty; and any meritorious service may result in partial or total remission of it. After an administrative appeal, the Commissioner entered an order approving the findings and recommendation.

Petitioner attacks the findings as being (a) contrary to the evidence, and (b) in irreconcilable conflict. But we do not reach these issues because we agree with respondent that we have no jurisdiction to review.

Under the District of Columbia Administrative Procedure Act ("the Act"),[2] this court may review a decision of the Commissioner of the District of Columbia only in a "contested case."[3] Any matter involving the "selection or tenure of an officer or employee of the District" is specifically excluded from the definition of the term "contested case",[4] and, therefore, we would have no jurisdiction to directly review an administrative decision involving such tenure. Clearly, petitioner, as a police officer, is an employee of the District of Columbia. The next question is whether the disciplinary proceeding and findings in this case involved his tenure as an employee. We think it did.

The purpose of the hearing by the Police Special Trial Board was to determine whether the charges made against petitioner were true and, if so, what disciplinary action should result. It was within the power of the Trial Board to recommend

1. D.C.Code 1967, § 4–121.

2. D.C.Code 1967, §§ 1–1501 to 1–1510 (Supp. III, 1970).

3. *Id.* § 1–1502(8) defines a "contested case."

4. *Id.* § 1502(8) (B).

dismissal from the police force and, of course, within the power of the Commissioner to approve it.[5] If suspension or dismissal from the force had resulted, there would be little doubt that the hearing involved the "tenure" of petitioner, and consequently, judicial review under the Administrative Procedure Act would not have been available. The penalty imposed—a fine of $700—appears less severe than dismissal from the force. In any event, the authority to impose fines on police officers derives from the same section of the Code that authorizes suspensions and removals, and the appointment of trial boards when disciplinary charges are preferred. Hence it would be incongruous to hold that the right to statutory judicial review depends upon the type of penalty.

To put it another way, under the Act he would not have the right of direct appeal to this court if he had been dismissed from the police force, with the consequent severance of his tenure. It would flow from this, then, that he should not have the right of direct appeal to this court from the Commissioner's order where the penalty imposed after a disciplinary hearing was something other than dismissal.

We conclude that the disciplinary proceeding before the Metropolitan Police Special Trial Board involved the tenure of an employee of the District and, consequently, was not a contested case within the meaning of D.C.Code 1967, § 1–1502(8) (Supp. III, 1970).

This being so, this court has no jurisdiction of the subject matter of the proceeding.[6]

Petition to review dismissed.

5. D.C.Code 1967, §§ 4–121, 4–122.

6. D.C.Code 1967, § 1–1510 (Supp. III, 1970).