Elva C. WELLS, Petitioner,

v.

DISTRICT OF COLUMBIA BOARD OF EDUCATION et al., Respondents.

No. 11925.

District of Columbia Court of Appeals.

Argued Nov. 17, 1977.

Decided May 15, 1978.

---

Louis J. Ebert, Washington, D.C., with whom Willie L. Leftwich, Washington, D.C., was on the brief, for petitioner.

Richard W. Barton, Deputy Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, and Ted P. Gerarden, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondents. Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D.C., also entered an appearance for respondents.

Before YEAGLEY, MACK and FERREN, Associate Judges.

YEAGLEY, Associate Judge:

Petitioner is employed by the District of Columbia Public Schools in an administrative capacity with the Department of English. She seeks review of a personnel action which transferred her from the temporary position of "Supervising Director" to the permanent position of "Assistant Director." Petitioner contends that the action was in violation of the agreement between the Board of Education and the Council of School Officers, the Rules of the Board of Education, and the District of Columbia Administrative Procedure Act. She further argues that the action deprived her of a constitutionally protected property interest without due process of law. We find that we have no jurisdiction to review the decision to transfer petitioner, and therefore do not reach her contentions.

It is well established that this court is empowered only to review directly agency decisions or actions entered in "contested cases." *Dupont Circle Citizen's Association v. District of Columbia Zoning Commission*, D.C.App., 343 A.2d 296, 301 (1975) (en banc). As defined by the DCAPA, D.C. Code 1977 Supp., § 1–1502(8), a contested case is

> a proceeding . . . in which the legal rights, duties or privileges of specific parties are required by any law . . . or by constitutional right, to be determined after a hearing.[1]

Specifically excluded from the "contested case" definition is agency action involving "the selection or tenure of an officer or employee of the District." D.C. Code 1977 Supp., § 1–1502(8)(B). Hence, if the decision to transfer petitioner from one position to another within a department of the District of Columbia school system is a decision involving her "selection or tenure," we are without jurisdiction to consider the petition for review.

Petitioner contends that the decision to transfer her was not agency action involving employee "selection or tenure." She maintains that *Matala v. Washington*, D.C.App., 276 A.2d 126 (1971), and *Johnson v. Board of Appeals & Review*, D.C.App., 282 A.2d 566 (1971), *cert. denied*, 405 U.S. 955, 92 S.Ct. 1175, 31 L.Ed.2d 232 (1972), have interpreted the employee "selection or tenure" exclusion as applicable only in those situations where the right to obtain or retain employment is at issue, or the agency action was taken in order to discipline an employee. We find petitioner's interpretation of § 1–1502(8)(B) unpersuasive. In our view, the employee "selection or tenure" exclusion applies to transfers of personnel. This view is supported by both the legislative history of the DCAPA, and *Johnson* and *Matala*.

1. In view of our holding that the decision to transfer petitioner involved employee "selection or tenure", we do not reach the question whether the proceeding below satisfied the other requirements of the "contested case" definition.

## THE LEGISLATIVE HISTORY

■ Under the DCAPA, "contested case" status generally depends on whether the agency proceeding is adjudicatory in nature. *See Chevy Chase Citizens Association v. District of Columbia Council,* D.C.App., 327 A.2d 310, 313 (1974). In drafting the DCAPA, however, the Congress recognized that the procedural requirements which accompany "contested case" status, *see* D.C. Code 1977 Supp., § 1–1509,[2] should not apply to certain types of agency action. On this point the committee which reported the DCAPA to the House stated:

> The definition of "contested case" has been drafted so as to exclude *administrative determinations traditionally nonsusceptible to application of the process of adjudication,* such as inspections, tests, elections, etc., and where generally no hearing is expressly or implicitly required by any other law. [H.R. Rep. No. 202, 90th Cong., 1st Sess. 5 (1967) (emphasis added).]

Thus Congress excluded from the definition of a "contested case" matters involving employee "selection or tenure." D.C. Code 1977 Supp., § 1–1502(8)(B).

Although sparse, the legislative history indicates that Congress intended § 1–1502(8)(B) to encompass virtually all personnel decisions. Support for this conclusion is found in the Senate hearings on the DCAPA:

> Turning then, to the definition of contested cases, I think it is important here to get this straight. Contested case means a proceeding . . . in which the legal rights, duties or privileges of specific parties are required by any law other than this act or by constitutional right to be determined after a hearing before the Commissioners of the Council, or before the agency. And it excludes other matters—it excludes matters subject to a substantial trial de novo, *it excludes personnel matters like the selec-*

*tion and tenure of officers or employees of the District. . . .* [T]his act does not require the procedures that it provides for in a case except where, by other law, a party has a right to a hearing. [*Administrative Procedures for the District of Columbia: Hearings on S. 1379 and H.R. 7417 Before the Subcomm. on the Judiciary of the Senate Comm. on the District of Columbia,* 90th Cong., 2d Sess. 49 (1967) (statement of Alfred L. Scanlan); emphasis added.]

Further evidence that Congress intended § 1–1502(8)(B) to encompass virtually all personnel decisions such as we have here is found in the Federal Administrative Procedure Act. The term "contested case" was taken by Congress from the Model State Administrative Procedure Act with the intent that it be generally synonymous with adjudication as defined by the Federal APA. *See Capitol Hill Restoration Society v. Zoning Commission,* D.C.App., 287 A.2d 101, 104 (1972). The Model Act definition of a "contested case" does not contain an exclusion for matters involving employee "selection or tenure." *See* Model State Administrative Procedure Act § 1(1), 13 U.L.A. 253 (Supp.1977). Under the Federal APA, however, an adjudicative hearing is not required in situations involving "the selection or tenure of an employee." 5 U.S.C. § 554(a)(2) (1970). Federal courts have interpreted that provision as reflecting the policy that personnel decisions within a department or agency are a matter of supervisory discretion and not ordinarily subject to judicial review. *E. g. Gnotta v. United States,* 415 F.2d 1271, 1276 (8th Cir. 1969), *cert. denied,* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970). We think it reasonable to infer that Congress added an employee "selection or tenure" exclusion to the Model Act definition of a "contested case" with that interpretation in mind.

2. Once an agency proceeding is found to be a "contested case," the agency must, among other things, hold a hearing, § 1–1509(a), give all parties thereto reasonable notice, § 1–1509(a), maintain an official record which includes testi-

mony and exhibits, § 1–1509(c), and make its decision in writing, supported by findings of fact and conclusions of law, § 1–1509(e). Also, the agency's decision is subject to direct review by this court. D.C. Code 1977 Supp., § 1–1510.

Moreover, our interpretation of § 1–1502(8)(B) is consistent with the Congressional purpose to exclude "administrative determinations traditionally nonsusceptible to application of the process of adjudication" from the definition of a "contested case." If every decision to transfer a government employee from one position to another were subject to the "contested case" procedural requirements, and direct review by this court, government agencies would be unable to make the daily employment decisions which are an inherent part of efficient administration. The philosophy underlying the employee "selection or tenure" exclusion was summarized by Professor Davis when he asked:

> Do we want courts inquiring into personnel management—salary increases, sick leave, office hours, allocation of parking spaces in the basement of the agency's building? [4 K. Davis, Administrative Law Treatise § 28.16, at 82 (1958).]

### JOHNSON AND MATALA

The decisions of this court lend additional support to the view that § 1–1502(8)(B) encompasses most personnel matters. In *Matala v. Washington, supra,* a police officer petitioned this court for review of the decision of the Metropolitan Police Special Trial Board to fine him for misconduct. We dismissed the petition because the agency proceedings related to the effect of the officer's misconduct on his employment status and therefore involved his "tenure as an employee." We noted that the officer's tenure would certainly have been affected if he had been discharged as a result of the misconduct and that "it would be incongruous to hold that the right to statutory judicial review depends on the type of penalty." *Id.* at 128.

In *Johnson v. Board of Appeals & Review, supra,* former members of the United States Park Service sought review of a decision of the Police and Firemen's Retirement Board denying them certain retirement benefits. We held that the "issue of what kind of pension, if any, to which a public employee is entitled," is not a matter involving employee "tenure." We further indicated that an agency proceeding involves employee "selection or tenure" when the manner or means of holding or retaining public office are at issue. *Id.* at 568. In other words, *Johnson* suggests that the exclusion applies whenever a proceeding involves personnel decisions such as whether a person should be hired, dismissed or transferred.[3] In *Johnson,* the "tenure" exclusion from this court's "contested case" jurisdiction was inapplicable because the agency's decision involved post-employment matters.

### CONCLUSION

■ We hold that the exclusion of employee "selection or tenure" matters from the definition of a "contested case" encompasses personnel decisions transferring employees within the agency. This holding does not mean that all such decisions are unreviewable. It does mean, however, that

> individuals considering themselves aggrieved, in a judicially cognizable sense, always have access to the trial court for review in an original proceeding (*e. g.,* prohibitory injunction, mandatory injunction and declaratory judgment). [*Dupont Circle Citizen's Association v. District of Columbia Zoning Commission, supra* at 308 (Gallagher, J., concurring) (footnote omitted).]

Accordingly, the petition for review is *Dismissed.*

---

**3.** In *Johnson,* the decision of the Retirement Board related to the rights of specific parties to certain retirement benefits. Unlike personnel decisions, it was the type of dispute traditionally resolved by adjudication.