**Marion BARRY, Jr., et al., Appellants,**

v.

**Denise C. WILSON, Appellee.**

**No. 80–1180.**

District of Columbia Court of Appeals.

Submitted June 2, 1982.

Decided July 1, 1982.

Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., were on the brief for appellants.

Raymond J. Malloy, Washington, D. C., was on the brief for appellee.

Before NEBEKER and PRYOR, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

The District of Columbia and its officers,[1] as appellants, challenge the propriety of a Superior Court order setting aside the administrative decision dismissing appellee from the police force. In urging reversal, it is claimed that the trial court misapplied the appropriate standard of review and effectively conducted a de novo reweighing of the evidence.[2] We reverse and hold that there is substantial evidence to support the Trial Board's findings.

I

Appellee, a Metropolitan Police Officer, was injured in an on-duty automobile accident on May 11, 1976. From that date until February 3, 1977, she was carried on administrative sick leave pursuant to 5 U.S.C. § 6324 (1981). In February 1977, following an administrative hearing, it was determined that appellee was no longer entitled to administrative sick leave. Appellee was removed from the force following a hearing before the Trial Board on January 26, 1978. In that proceeding she was charged with (1) malingering or feigning illness or disability in order to evade the performance of duty, and (2) failing to notify her commanding officer where she could be reached while on sick leave. The Trial Board sustained only the malingering charge and recommended her dismissal from the force. On review of this decision, the Mayor issued an order which confirmed the findings of the Trial Board and included an order of dismissal.

Appellee challenged this decision in the Superior Court where the record was remanded to the Trial Board for further proceedings. After completion of proceedings on remand, the Superior Court set aside the finding on the malingering charge and ordered reinstatement. See also note 2, supra.

In its Memorandum Opinion and Order, the court evaluated each of the findings of the Trial Board and essentially weighed the evidence itself. The court rejected several

---

1. The court has, sua sponte, substituted Mayor Marion Barry, for former Mayor Walter Washington. See D.C.App.R. 43(c)(1).

2. Appellant also contends that the trial court did not have the authority to award back pay and review the decision denying administrative sick leave under 5 U.S.C. § 6324 (1981). Given our decision that the order of discharge is sustained, we do not reach these questions.

of the Board's findings interjecting its own opinion that it was "not impressed" with certain evidence upon which the Board relied.[3] In discrediting other findings of the Trial Board, the court opined that the medical reports upon which the Board relied were irrelevant or "difficult to accept." Additionally, the court ruled that three or four requests made by appellee for light duty "negatives the element of intent essential to a charge of malingering." The record reflects, however, that appellee was informed that there were no light duty assignments available at the time.

## II

▮ A proceeding of this kind before the Metropolitan Police Department Trial Board involves the tenure of an employee of the District of Columbia. *Matala v. Washington*, D.C.App., 276 A.2d 126, 128 (1971); *Johnson v. Board of Appeals and Review*, D.C.App., 282 A.2d 566 (1971), *cert. denied*, 405 U.S. 955, 92 S.Ct. 1175, 31 L.Ed.2d 232 (1972). Under the District of Columbia Administrative Procedure Act (DCAPA), D.C.Code 1981, § 1–1501 *et seq.*, any matter involving "the selection or tenure of an officer or employee of the District" is specifically excluded from the definition of the term "contested case," D.C. Code 1981, § 1–1502(8)(B), and therefore not directly reviewable by this court. *Matala v. Washington, supra* at 127. Thus, review of a tenure decision is properly in the Superior Court. *See Money v. Cullinane*, D.C.App., 392 A.2d 998, 1000 n.2 (1978). The scope of that review, as recently articulated in *Kegley v. District of Columbia*, D.C.App., 440 A.2d 1013, 1018 (1982), is the same as this court's scope of review under the DCAPA.

Our scope of review of contested cases, as provided in D.C.Code 1981, § 1–1510, prohibits the substitution of our judgment in areas of expertise reserved for the agency. *Id.* at 1018. Under the DCAPA, agency

findings of fact and conclusions of law must be affirmed if "supported by and in accordance with reliable, probative and substantive evidence" in the record. *Jones v. Police and Firemen's Retirement and Relief Board*, D.C.App., 375 A.2d 1, 5 (1977) (and cases cited therein). *See* D.C.Code 1981, § 1–1510.

▮ In this case, the trial court essentially retried appellee's case and reweighed the evidence in the record. To be sure, the trial court referred to a lack of substantial evidence in the administrative record, but in total context its Memorandum Opinion and Order reflects a trial de novo.

▮ This error, however, does not preclude our independent review of the record. When a decision of the Superior Court reviewing an action of the Trial Board is appealed, this court applies the same scope of review we use in reviewing contested cases. That is, a review of the administrative record to determine if there has been procedural error, if there is substantial evidence in the record to support the action of the Trial Board, or if the action is in some manner otherwise arbitrary, capricious, or an abuse of discretion or contrary to law. *Kegley v. District of Columbia, supra* at 1019. *See* D.C.Code 1981, § 1–1510. Here there is evidence to support each of the Trial Board's findings. The Trial Board could reasonably conclude from the evidence that appellant was malingering.

We, therefore, hold that the trial court erred in setting aside the discharge decision. The case is remanded with instructions to enter judgment for appellants.

*So ordered.*

---

3. Based upon its viewing of films secretly taken of appellee, the Board stated in Finding 2 that her movements were "inconsistent with her complaints and her alleged injury." The court, discounting this finding, interjects its own opinion that it had "viewed these films and is not impressed with their significance."