**Brian R. KENNEDY, Petitioner,**

v.

**Marion S. BARRY, et al., Respondents.**

**Nos. 84–223, 85–699.**

District of Columbia Court of Appeals.

Argued March 10, 1986.
Decided Oct. 15, 1986.

Patrick W. Shea, with whom Arthur B. Spitzer, Washington, D.C., was on brief, for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Inez Smith Reid, Corp. Counsel at the time the brief was filed, John H. Suda, Principal Deputy Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel and Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., were on brief, for respondents.

Before PRYOR, Chief Judge, BELSON, Associate Judge, and GALLAGHER, Senior Judge.

BELSON, Associate Judge:

These petitions raise the question whether under the District of Columbia Administrative Procedure Act [1] this court has direct review of the dismissal of a firefighter for failure to comply with grooming regulations. Holding that we lack jurisdiction to review the dismissal directly, we dismiss the petitions for review.

On December 15, 1980, petitioner Brian R. Kennedy filed a complaint with the Director of Equal Employment Opportunity (EEO) for the Government of the District of Columbia alleging that the District of Columbia Fire Department's grooming regulations, which generally require male firefighters to be clean shaven and have their hair short, constituted unlawful discrimination on the basis of personal appearance and sex in violation of Mayor's Order 75–230, 1975 D.C.Stat. 510, and the Human Rights Act of 1977, D.C.Code §§ 1–2501 to –2557 (1981).[2] The Fire Department dismissed petitioner on July 9, 1982, for failing to adhere to the grooming regulations. On August 8, 1983, the EEO Director ordered petitioner reinstated to his job with the Fire Department on the grounds that the grooming regulations as applied to petitioner unlawfully discriminated on the basis of personal appearance. The Fire Department sought review of this decision pursuant to § 6(a)(8) of Mayor's Order 75–230, and on September 26, 1983, the Mayor designated Carol Lowe, Special Assistant to the City Administrator, to discharge the duties of the City Administrator in reviewing the EEO Director's decision. On May 14, 1985, Special Assistant Lowe upheld the grooming regulations on safety grounds.

Kennedy filed two petitions in this Court. On February 29, 1984, petitioner Kennedy filed a petition for a writ of mandamus or, in the alternative, a review of agency action. This petition (appeal number 84–223) challenged the Fire Department's failure to comply with the EEO Director's order, the Special Assistant's authority to review that order, and her delay in issuing a decision. On May 30, 1985, Kennedy filed a petition for review of the decision rendered by the Special Assistant. This petition (appeal number 85–699) attacked the Special Assistant's findings and conclusions as erroneous and without substantial evidence to support them. A motions division of this court ordered the petitions consolidated.

Petitioner urges us to hold that we have jurisdiction to directly review his consolidated petitions. He advances two distinct theories of jurisdiction, neither of which we

---

1. The Administrative Procedure Act appears at D.C.Code §§ 1–1501 to –1542 (1981). This court's jurisdiction is defined at § 1–1510.

2. The position of Director of Equal Employment Opportunity for the Government of the District of Columbia was created by Mayor's Order 75– 230 in 1975. In accord with § 5(a) of that order, the Director of the Office of Human Rights (OHR), which was established in 1971, see D.C.Code § 1–2502(19), serves as EEO Director.

consider persuasive.[3] The first theory is that D.C.Code § 1–1510(a) confers jurisdiction, because petitioner challenges the jurisdiction of the Mayor, through his agent, Special Assistant Lowe, to review the EEO Director's decision in favor of petitioner. In particular, petitioner relies on the second sentence of D.C.Code § 1–1510(a), which provides:

> If the jurisdiction of the Mayor or an agency is challenged at any time in any proceeding and the Mayor or the agency, as the case may be, takes jurisdiction, the person challenging jurisdiction shall be entitled to an *immediate* judicial review of that action, unless the Court shall otherwise hold. (Emphasis added.)

■ Whatever merit petitioner's argument may have regarding the Mayor's authority, or lack of it, to review the EEO Director's decision, petitioner certainly did not seek "immediate judicial review" of the Mayor's decision to take jurisdiction. The Mayor designated Special Assistant Lowe to review the EEO Director's decision on September 26, 1983, yet petitioner did not file his first petition for review until February 29, 1984, over five months later. At that time, petitioner complained, *inter alia,* about Special Assistant Lowe's delay in rendering a decision. Petitioner cannot maintain, consistently with his impatience with Special Assistant Lowe's delay, that he sought the "immediate judicial review" provided for in D.C.Code § 1–1510(a). Accordingly, we find that petitioner's first theory of jurisdiction founders on the express statutory language upon which petitioner's argument is premised.[4]

Petitioner's second and independent theory of direct review jurisdiction requires more discussion, but is no more convincing. Petitioner argues that this is a "contested case" within the meaning of D.C.Code §§ 1–1502(8) and –1510(a).[5] If petitioner were correct in labelling this a "contested case," there would be no doubt that this court has jurisdiction, for D.C.Code § 1–1510(a) specifically confers the power of direct review on this court in contested cases. Once again, however, petitioner's position cannot be reconciled with explicit statutory language. D.C.Code § 1–1502(8)(B) plainly states that the term "contested case" does not include a proceeding regarding "[t]he selection or tenure of an officer or employee of the District...." Respondents contend that this case falls squarely within the tenure exception to the contested case definition. This position finds support in the case law and in common sense as well.

---

**3.** Petitioner argues that under the law of the case doctrine, this court has jurisdiction over his appeals because two motions divisions of this court denied motions to dismiss for lack of jurisdiction with respect to both petitions for review. This argument fails in light of *District of Columbia v. Trustees of Amherst College,* 499 A.2d 918, 920 (D.C.1985), where we held that when a motions division denies a motion to dismiss, there is no prejudice to reconsideration by a merits division, unless the motions division denies such a motion "with prejudice." Neither motions division added such language here. Consequently, we are free to reconsider the jurisdictional issue.

**4.** We do not suggest that if petitioner had sought immediate review, that review would have been by this court rather than by the Superior Court. The question of what is the proper forum for such immediate judicial review is not before us.

**5.** *D.C.Code § 1–1502(8) provides:*

> The term "contested case" means a proceeding before the Mayor or any agency in which the legal rights, duties, or privileges of specific parties are required by any law (other than this subchapter), or by constitutional right, to be determined after a hearing before the Mayor or before an agency, but shall not include:
> (A) Any matter subject to a subsequent trial of the law and the facts de novo in any court;
> (B) The selection or tenure of an officer or employee of the District;
> (C) Proceedings in which decisions rest solely on inspections, tests, or elections; and
> (D) Cases in which the Mayor or an agency act as an agent for a court of the District.
> D.C.Code § 1–1510(a) provides in pertinent part:
> Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of the Mayor or an agency in a contested case, is entitled to a judicial review thereof in accordance with this subchapter upon filing in the District of Columbia Court of Appeals a written petition for review.

In *Barry v. Wilson*, 448 A.2d 244 (D.C. 1982), a police officer who sought to challenge her dismissal by the Metropolitan Police Department Trial Board (Police Trial Board) for malingering brought her action in the Superior Court. We held that in filing there rather than in this court, the officer had chosen the proper forum, observing that "review of a tenure decision is properly in the Superior Court." *Id.* at 246. Thus, *Barry v. Wilson* points strongly in favor of declining to exercise jurisdiction over this case, which concerns the dismissal of a firefighter from his District of Columbia job.

■ The outcome in *Barry v. Wilson* flows from a common sense interpretation of the term "tenure" used in D.C.Code § 1–1502(8). It is reasonable to consider a decision to dismiss an employee to be a tenure decision, because a dismissal obviously terminates the employee's tenure. It is unsurprising, therefore, that this court has referred to decisions to dismiss an employee as tenure decisions in cases other than *Barry v. Wilson*. *See, e.g., Kegley v. District of Columbia*, 440 A.2d 1013, 1018 (D.C.1982) (dismissal of police officer for violating regulation against leaving service revolver in automobile involves employee tenure; therefore, Superior Court is proper forum for review of Police Trial Board decision).

■ Petitioner attempts to counter the strong argument against direct review by this court by endeavoring to draw a distinction between dismissals occurring in the course of the day-to-day exercise of personnel authority by an agency on the one hand, and dismissals resulting from the enforcement of regulations whose validity is being challenged on the other. Petitioner argues that this court has jurisdiction to directly review the latter category of cases. We find no statutory language furnishing a basis for the distinction petitioner proposes, nor does petitioner refer us to any. Instead, petitioner relies exclusively on an extremely selective reading of two cases, *Money v. Cullinane*, 392 A.2d 998 (D.C. 1978), and *Wells v. District of Columbia*

*Board of Education*, 386 A.2d 703 (D.C. 1978). For the reasons set forth below, we decline to accept petitioner's interpretation of those precedents.

Petitioner cites *Money v. Cullinane, supra*, 392 A.2d 998, for the proposition that the tenure exception to the contested case definition was enacted *only* to preclude direct review by this court of "decision[s] of day-to-day government personnel management." *Id.* at 1000. What we said in *Money* was that Congress had deemed such decisions not to be contested cases. *Id.* We did not address the question of whether the scope of the tenure exception was confined to such decisions, nor did we decide whether a decision to dismiss an employee was a decision of day-to-day government personnel management. *Money* holds only that this court lacks jurisdiction to directly review denials of employees' requests for administrative leave because they fall within the tenure exception. *Id.* at 999. A fair reading of *Money* does not support petitioner's effort to distinguish day-to-day personnel decisions from other kinds of decisions, nor does it identify which side of the line a decision to dismiss would fall on, assuming such a distinction was implicit in the tenure exception.

*Wells v. District of Columbia Board of Education, supra*, 386 A.2d 703, is no more helpful to petitioner's argument. In *Wells*, we held that this court lacked jurisdiction to directly review a decision to transfer a public school employee from one position to another. *Id.* at 704. In the course of discussing why the court believed the tenure exception applied, the court observed that "[i]f every decision to transfer a government employee from one position to another were subject to the 'contested case' procedural requirements, and direct review by this court, government agencies would be unable to make the daily employment decisions which are an inherent part of efficient administration." *Id.* at 706. Petitioner maintains that this reference to "daily employment decisions" supports the distinction he seeks to draw between day-to-day decisions and decisions made on the basis of enforcing challenged regulations.

Petitioner's strained reading of how *Wells* construes the tenure exception does not withstand careful scrutiny. In *Wells*, we noted that in *Matala v. Washington*, 276 A.2d 126 (D.C.1971), we had held that the Metropolitan Police Special Trial Board's decision to fine an officer for misconduct was not directly reviewable by this court. *Wells*, 386 A.2d at 706. We observed that the "officer's tenure would certainly have been affected if he had been discharged as a result of the misconduct...." *Id.* That dictum is consistent with the holding in *Barry v. Wilson* that a dismissal implicated the tenure exception. Moreover, in *Wells* we read *Johnson v. Board of Appeals and Review*, 282 A.2d 566 (D.C.1971) (denial of retirement benefits does not involve tenure), *cert. denied*, 405 U.S. 955, 92 S.Ct. 1175, 31 L.Ed.2d 232 (1972), to "suggest[] that the [selection or tenure] exclusion applies *whenever* a proceeding involves personnel decisions such as whether a person should be hired, *dismissed* or transferred." *Wells*, 386 A.2d at 706 (emphasis added). Nowhere in the discussion of *Matala* or *Johnson* did we suggest in *Wells* that any dismissals would fall outside the ambit of the tenure exception. Thus, upon analysis, we see that *Wells* supports the holding that the dismissal of petitioner falls within the tenure exception.[6]

Having reviewed the relevant case law construing D.C.Code § 1–1510(a), we conclude that, while petitioner is entitled to proceed in Superior. Court, this court is without jurisdiction to consider the petitions for review. Because of the delays that have attended these related proceedings, we suggest that the Superior Court's consideration of petitioner's case be expedited. The petitions for review are dismissed.

*So Ordered.*

---

6. The trial court, in dismissing Kennedy's motion for a preliminary injunction to compel the Fire Department to comply with the EEO Director's decision, indicated that if the EEO Director's decision was the final administrative determination on Kennedy's case, then this court would be the proper forum for enforcement of the EEO Director's decision.

Although petitioner does not urge upon us the trial judge's rationale, we think comment upon it here will be instructive. In his order, the trial judge referred to D.C.Code § 1–2554 (1981), which provides for direct review by this court of orders or decisions of the Commission on Human Rights.

Any person suffering a legal wrong, or adversely affected or aggrieved by, an order or decision *of the Commission* in a matter, pursuant to the provisions of this chapter is entitled to a judicial review thereof, in accordance with § 1–1510, upon filing, in the District of Columbia Court of Appeals, a written petition for review. (Emphasis added.)

We deem D.C.Code § 1–2554 inapposite because the EEO Director's decision was not a Commission decision, but rather the Mayor's decision.

The Mayor has the authority to establish procedural rules for handling complaints arising under the Human Rights Act, as provided by D.C.Code § 1–2543 (1981):

Notwithstanding any other provision of this chapter, the Mayor shall establish rules of procedure for the investigation, conciliation and hearing of complaints filed against District government agencies, officials and employees alleging violations of this chapter. *The final determination in such matters shall be made by the Mayor or his designee.* (Emphasis added.)

This provision plainly confers the authority to make a final determination upon "the Mayor or his designee." In § 6(a)(8) of Mayor's Order 75–230, the Mayor designated the EEO Director to discharge this responsibility. The mere fact that § 5(a) of the same order designates the OHR Director to serve as EEO Director in no way converts a decision made by the Mayor's designee into a decision "of the Commission" within the meaning of D.C.Code § 1–2554. The Mayor, not the OHR, makes the decision.

The trial court also suggested that this court would have jurisdiction to enforce a final agency determination of Kennedy's complaint under D.C.Code § 1–1510(a)(2), which authorizes this court "[t]o compel agency action unlawfully withheld or unreasonably delayed...." This view overlooks the fact that the grant of authority in D.C.Code § 1–1510(a)(2) is subject to the "contested case" requirement of D.C.Code § 1–1510(a). For the reasons set forth in this opinion, this is not a contested case.