Kirk ROACHE, Appellant,

v.

**DISTRICT OF COLUMBIA,**
et al., Appellees.

No. 94–CV–77.

District of Columbia Court of Appeals.

Submitted Jan. 25, 1995.
Decided Feb. 23, 1995.

Eric Steele was on the brief, for appellant.

Vanessa Ruiz, Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Donna M. Murasky, Asst. Corp. Counsel, were on the brief, for appellees.

Before WAGNER, Chief Judge, SCHWELB, Associate Judge, and KERN, Senior Judge.

SCHWELB, Associate Judge:

Kirk Roache, formerly an officer of the Metropolitan Police Department (MPD), instituted this action against the District of Columbia and two of its officials, alleging, *inter alia,* that he had been discharged from the MPD on account of his race. He alleged that the discharge, which followed his arrest for speeding and for operating a motor vehicle while under the influence of alcohol, was effected notwithstanding the dismissal of both of these traffic charges. Roache, who is black, asserted that he and other black officers had been treated more harshly than similarly-situated white officers. Roache also claimed that the personnel action against him was untimely, in violation of D.C.Code § 1–617.1(b–1)(1) (1992), and that the sanction was disproportionate to his alleged offense.

■ Roache's complaint is not in the appellate record. It appears from the available materials, however, that his action was founded on several federal civil rights statutes, including 42 U.S.C. §§ 1981 and 1983,[1] on the District of Columbia Human Rights Act (DCHRA), D.C.Code § 1–2501 *et seq.* (1992), and on unspecified common law principles. The defendants moved to dismiss the complaint, and the trial judge issued a brief written order granting the motion. This appeal followed.

■ The appellees acknowledge, and we agree, that the trial judge erred in dismissing Roache's federal claims pursuant to §§ 1981 and 1983. The Supreme Court has held that "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Board of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73

L.Ed.2d 172 (1982). The same reasoning applies to the § 1981 claim. *See Deskins v. Barry,* 729 F.Supp. 1, 3 (D.D.C.1989). Accordingly, insofar as Roache's complaint rests on these two statutes, it must be reinstated.

■ To the extent that Roache claims that his discharge was based on race, it is cognizable under the DCHRA. That statute, however, does not authorize District of Columbia employees to file original actions in the Superior Court. Instead, they must first exhaust their administrative remedies, *Williams v. District of Columbia,* 467 A.2d 140, 142 (D.C.1983),[2] and Roache does not allege that he has done so. Roache claims that the local human rights agencies are understaffed and do not act promptly, but the exhaustion requirement cannot be circumvented by such an allegation.

■ Roache's unspecified common law claims present a more difficult question. This court held in *District of Columbia v. Thompson,* 593 A.2d 621 (D.C.), *cert. denied,* 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991), that the District of Columbia Comprehensive Merit Personnel Act (CMPA), D.C.Code § 1–601.1 *et seq.* (1992), provides District employees "with their exclusive remedies for claims arising out of employer conduct in handling personnel ratings, employee grievances, and adverse actions." *Id.* at 635. In *King v. Kidd,* 640 A.2d 656 (D.C.1993), on the other hand, we held *Thompson* inapplicable where the employee's claim of intentional infliction of emotional distress was founded upon acts of sexual harassment and on retaliation for reporting the offending conduct. *Id.* at 662–64. Because Roache has failed to include his complaint in the record on appeal, *see Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982), we are unable to make a meaningful determination whether his common law claims fall under the rubric of those preserved by *Kidd* or those extinguished by *Thompson.* Accordingly, we conclude that

---

1. Roache also based his complaint on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* He did not complain to the Equal Employment Opportunity Commission, however, and thus failed to exhaust his administrative remedies. *Love v. Pullman Co.,* 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679 (1972).

2. Judicial review of final agency action lies in the Superior Court. *Kennedy v. Barry,* 516 A.2d 176, 178 (D.C.1986).

Roache has failed to demonstrate trial court error with respect to his common law claims.[3]

For the foregoing reasons, the decision of the trial court is affirmed in part and reversed in part. The case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*

---

3. Our decision permits Roache, on remand, to assert his racial discrimination claims under the rubric of 42 U.S.C. §§ 1981 and 1983. Accordingly, we are not confronted with a situation in which an inadvertent omission in preparing the record on appeal could be fatal to Roache's entire lawsuit. *Cf. Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).