Glickman, Associate Judge:
*1284 In these consolidated matters, petitioners Hines and Barber ask this court to review decisions by the Commission on Selection and Tenure of Administrative Law Judges ("COST") declining to reappoint Hines and removing Barber as administrative law judges. We dismiss the petitions for lack of jurisdiction.
This court's jurisdiction to directly review administrative agency decisions is restricted by the District of Columbia Administrative Procedure Act ("DC APA") to "contested cases." See D.C. Code § 2-510 (a) (2012 Repl.); Farrell v. District of Columbia Police & Firefighters' Ret. & Relief Bd. , 151 A.3d 490, 492 (D.C. 2017). Proceedings involving "[t]he selection or tenure of an officer or employee of the District" are expressly excluded from the definition of a "contested case," see D.C. Code § 2-502 (8)(B) (2012 Repl.), and hence are not directly reviewable by this court. A decision to remove or not to reappoint an employee of the District falls squarely within this exclusion. See Kennedy v. Barry , 516 A.2d 176, 178 (D.C. 1986) ; Barry v. Wilson , 448 A.2d 244, 246 (D.C. 1982) ; Wells v. District of Columbia Bd. of Ed. , 386 A.2d 703, 704-06 (D.C. 1978). As administrative law judges, petitioners were employees of the District. See D.C. Code § 1-609.08 (2012 Repl.) ("The following employees of the District shall be deemed to be in the Excepted Service[:] ... (15) ... the Administrative Law Judges ....") (emphasis added). Accordingly, the proceedings before COST resulting in the removal of Barber and the non-reappointment of Hines were not contested cases, and this court has no jurisdiction to consider their petitions for review.[1]
The petitions for review in these matters are hereby dismissed for lack of jurisdiction.
So ordered.

In general, initial judicial review of decisions concerning the selection or tenure of District employees is properly sought in Superior Court. See District of Columbia Hous. Auth. v. District of Columbia Dep't of Human Rts. & Local Bus. Dev. , 733 A.2d 338, 342 (D.C. 1999) ; Wilson , 448 A.2d at 246. Respondent argues that petitioners are not entitled to judicial review at all on the merits of COST's personnel actions in their cases. We express no view on that question.