*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

Nos. 16-AA-735 & 16-AA-867

CARYN HINES
and
CLAUDIA A. BARBER, PETITIONERS,

FILED **05/31/2018**
District of Columbia
Court of Appeals

*Julio Castillo*

Julio Castillo
Clerk of Court

V.

DISTRICT OF COLUMBIA COMMISSION
ON SELECTION AND TENURE OF ADMINISTRATIVE LAW JUDGES,
RESPONDENT.

On Petitions for Review of Orders of the District of Columbia
Commission on Selection and Tenure of Administrative Law Judges
(COST 1-16)

(Argued April 3, 2018                    Decided April 17, 2018)[*]

*Robert J. Baror* for petitioner Hines.

*Donald M. Temple* for petitioner Barber.

*Jason Lederstein*, Assistant Attorney General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General at the time the brief was filed, and *Loren L. AliKhan*, Deputy Solicitor General at the time the brief was filed, were on the brief.

---

[*] The decision in these consolidated appeals was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published on the respondent's motion.

Before GLICKMAN and FISHER, *Associate Judges*, and FARRELL, *Senior Judge*.

GLICKMAN, *Associate Judge*: In these consolidated matters, petitioners Hines and Barber ask this court to review decisions by the Commission on Selection and Tenure of Administrative Law Judges ("COST") declining to reappoint Hines and removing Barber as administrative law judges. We dismiss the petitions for lack of jurisdiction.

This court's jurisdiction to directly review administrative agency decisions is restricted by the District of Columbia Administrative Procedure Act ("DC APA") to "contested cases." *See* D.C. Code § 2-510 (a) (2012 Repl.); *Farrell v. District of Columbia Police & Firefighters' Ret. & Relief Bd.*, 151 A.3d 490, 492 (D.C. 2017). Proceedings involving "[t]he selection or tenure of an officer or employee of the District" are expressly excluded from the definition of a "contested case," *see* D.C. Code § 2-502 (8)(B) (2012 Repl.), and hence are not directly reviewable by this court. A decision to remove or not to reappoint an employee of the District falls squarely within this exclusion. *See Kennedy v. Barry*, 516 A.2d 176, 178 (D.C. 1986); *Barry v. Wilson*, 448 A.2d 244, 246 (D.C. 1982); *Wells v. District of Columbia Bd. of Ed.*, 386 A.2d 703, 704-06 (D.C. 1978). As administrative law judges, petitioners were employees of the District. *See* D.C. Code § 1-609.08 (2012 Repl.) ("The following *employees of the District* shall be deemed to be in the

Excepted Service[:] . . . (15) . . . the Administrative Law Judges . . . .") (emphasis added). Accordingly, the proceedings before COST resulting in the removal of Barber and the non-reappointment of Hines were not contested cases, and this court has no jurisdiction to consider their petitions for review.[1]

The petitions for review in these matters are hereby dismissed for lack of jurisdiction.

*So ordered.*

---

[1] In general, initial judicial review of decisions concerning the selection or tenure of District employees is properly sought in Superior Court. *See District of Columbia Hous. Auth. v. District of Columbia Dep't of Human Rts. & Local Bus. Dev.*, 733 A.2d 338, 342 (D.C. 1999); *Wilson*, 448 A.2d at 246. Respondent argues that petitioners are not entitled to judicial review at all on the merits of COST's personnel actions in their cases. We express no view on that question.