CHAPIN STREET JOINT VENTURE,
Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL
HOUSING COMMISSION,
Respondent.

No. 82–530.

District of Columbia Court of Appeals.

Argued March 8, 1983.

Decided March 30, 1983.*

Paul Crumrine, Washington, D.C., with whom Kenneth J. Loewinger, Washington, D.C., was on brief, for petitioner.

William J. Earl, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reis-

* The original disposition of this case was by Memorandum Opinion and Judgment on March 30, 1983. The court granted respondent's motion for publication.

chel, Asst. Corp. Counsel, Washington, D.C., were on brief, for respondent.

Before KERN and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

PER CURIAM:

■ Petitioner seeks review of an order of the D.C. Rental Housing Commission (RHC) upholding the decision of a D.C. Rental Administrator (RA) dismissing the Chapin Street Joint Venture's hardship petition. Such petition was filed pursuant to D.C.Code §§ 45–1687(c), –1693 (Supp. VII 1980), and requested a rent ceiling adjustment. This kind of petition may be filed by a landlord when, due to increased expense, the profit permitted to a landlord by statute cannot be achieved if the landlord is limited to the statutorily prescribed maximum yearly rental increase. *See* D.C.Code § 45–1687(a) (Supp. VII 1980).

In this case, the RHC agreed with the RA—that the petitioner-landlord had not presented sufficient evidence to justify the increase it requested. More specifically, the Joint Venture submitted *internally* generated documents reflecting its expenses in connection with the property in question to justify its petition for a rent increase. The opinion of the RA and the RHC was that the petition should have been supported by *externally* generated evidence of actual payment of debts, as opposed to evidence of the mere incurrence of them.

The Joint Venture objected, on appeal to the RHC, that past hardship petitions by landlords had been granted on similar evidence and that this requirement therefore violated an established, if informal, agency practice and worked a hardship on the petitioner. We reject the Joint Venture's arguments and affirm.

■ D.C.Code § 1–1509(b) (1981) places the burden of proof on the proponent of an order, so it is beyond question that the petitioner had to produce the quantum of evidence necessary to support its position. The question is what sort of evidence would suffice. An administrative factfinder, while not subject to the same rules of evidence as a court, still must assess the evidence and determine whether it establishes the facts for which it was proffered. The administrative factfinder's decision upon such evidence will be upheld unless it is irrational or an abuse of discretion, *D.C. Transit v. WMATA,* 151 U.S.App.D.C. 223, 243, 466 F.2d 394, 414 (1972). The decision was not irrational; requiring external verification of the payment of claimed expenses seems eminently reasonable. The landlord's cancelled checks evidencing payment of his expenses are generally available to and within the control of the landlord.

The question then becomes whether the fact that there may have been some past informal practice now limits the agency's prerogative to require the production of cancelled checks to prove a landlord's payment of expenses. In this regard, whatever the agency's past practices had been, we note that two facts served to notify the landlord in this case that externally generated evidence of payment (cancelled checks in particular) was necessary to verify the expenses it had listed in its petition. First, a checklist form provided by the Rental Accommodations Office to be filled out by a landlord and submitted with a petition for increase of rent expressly refers to cancelled checks. This checklist, required to be filled out with information by the landlord, indicates here that the cancelled checks were included by the Joint Venture in its filing, when in fact, they were not. Second, a notice issued by the RA of a hearing on the petition noted that these documents should have been brought to the hearing. (Record at 72.)

■ Given the landlord's burden of proof, the two requests for specific documentation by cancelled checks and the ease with which these requests could have been satisfied, we are unable to conclude there was error in dismissing the petition for failure by the Joint Venture to produce the cancelled checks. We do not agree that the fact that the particular RA who sat in this case and other RAs in other cases have granted peti-

tions in the past without evidence in the form of cancelled checks requires a different result. The checklist form has been used since April of 1980. Rental Accommodation Office Release # 1–80 (April 1, 1980). Hence notice of this requirement must be imputed to any landlord such as the Joint Venture which has submitted a petition in that time. At any rate, it is clear that the RHC is not bound by prior decisions of RAs.

Because we reject the argument that the RHC is bound by whatever action was taken in the past, we also reject petitioner's claims of an unconstitutional taking of property without due process by the Agency's ruling here.[1]

*Affirmed.*

---

1. We also conclude that petitioner has not established irreparable injury by clear and convincing evidence to justify recovery because the RA and the RHC exceeded the statutory time limits for rendering their decisions. *See Railroad Commission v. P.G. & E.*, 302 U.S. 388, 401, 58 S.Ct. 334, 341, 82 L.Ed. 319 (1938).