**Francis D.F. GRANT, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 87–914.**

District of Columbia Court of Appeals.

Submitted July 13, 1988.

Decided Aug. 22, 1988.

Francis D.F. Grant, pro se.

Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, Lutz Alexander Prager, Asst. Deputy Corp. Counsel, and Charlotte M. Brookins, Asst. Corp. Counsel, were on the brief for appellee.

Before TERRY and ROGERS, Associate Judges, and GALLAGHER, Senior Judge.

ROGERS, Associate Judge:

In this appeal we must decide whether the District of Columbia Office of Employee Appeals (OEA) abused its discretion in terminating for cause an employee in the Career Service after it found that the employee had threatened others with bodily harm and was carrying a knife, and OEA determined that the District of Columbia Department of Employment Services (DOES) had properly made an exception to the thirty-day notice period for an adverse action because the employee constituted an "immediate hazard" to the workplace. We find no abuse of discretion or error in OEA's interpretation of the applicable regulation, District of Columbia Personnel Regulation § 1608.6(11)(b), 30 D.C.Reg. 5874, 5898 (Mar. 20, 1983).[1]

Appellant Francis D.F. Grant appeals from the trial court's affirmance of the decision of the OEA to terminate him from his employment with DOES. He contends that the decision is not supported by substantial evidence, that termination was an excessive penalty, and that it was procedurally defective since he did not receive the thirty-day notice of adverse action to which he was entitled under § 1608.3(11)(b).

Under the District of Columbia Comprehensive Merit Personnel Act, D.C. Code § 1–601.1 *et seq.* (1981), the Mayor is required to promulgate rules and regulations for adverse action proceedings. D.C. Code § 1–617.1(a) (1981). A non-probationary employee in the Career Service, other than a special employee appointed under § 1–610.4(2), who has served for at least one year with average performance, may be removed only for cause. *Id.* § 1–617.1(b). "Cause" is defined in the Act to include inexcusable neglect of duty, insubordination, discourteous treatment of a supervisor or other employee, and "[o]ther failure of good behavior during duty hours which is of such a nature that it causes discredit to his or her agency or his or her employment." *Id.* § 1–617.1(d)(16). OEA is the final administrative appellate authority of adverse actions, subject to judicial review. *Id.* § 1–617.1(c).

The Act also requires each agency of the District government to establish internal rules and regulations for conducting hearings about individual employees. *Id.* § 1–606.4(a). The agency must give an employee ten days advance written notice of a proposed adverse action but need not await expiration of the ordinary notice period

> if the employee's conduct constitutes an immediate hazard to the agency, to other employees of the government, to the employee, or to the detriment of the public health, safety or welfare.

*Id.* § 1–606.4(b).

Pursuant to the Act, the Mayor promulgated regulations for adverse actions. *See* 30 D.C.Reg. 5874 (Nov. 11, 1983), *reprinted in* DISTRICT PERSONNEL MANUAL §§ 1600–1608.6. The regulations provide that an employee is entitled to thirty days written notice of a proposed adverse action. District Personnel Regulation § 1604.6, 30 D.C.Reg. at 5885. The notice must state

---

1. Since OEA's decision in the instant case, the District of Columbia Personnel Regulations have been amended and repromulgated. *See* 34 D.C.Reg. 1845 (Mar. 20, 1987). The current version of the regulation at issue here now appears as § 1618.1(11)(b). 34 D.C.Reg. 1868 (Mar. 20, 1987).

"any and all causes for which the employee is charged and the reasons, specifically and in detail, for the proposed action[.]" *Id.* An exception to the thirty-day notice requirement is provided when

> there is reasonable cause to believe that the employee's conduct constitutes an immediate hazard to the agency, to the employee concerned, to other employees, or to the detriment of the public health, safety, or welfare.

*Id.* § 1604.27. When this exception is invoked, the employee may be placed immediately on administrative leave for a maximum of twenty days. *Id.* § 1604.28. The regulations also provide a table of penalties. The penalty for discourteous treatment of a supervisor or other employee can range from a reprimand to removal. *Id.* § 1608.6(11)(b).

As is true for the trial court, this court's review of the decision of OEA is limited to a determination of whether there is substantial evidence to support it. *Kegley v. District of Columbia,* 440 A.2d 1013, 1018 (D.C.1982). Upon review of the record we conclude that the OEA decision to terminate Grant was supported by substantial evidence. *McLean v. District of Columbia Dep't of Employment Servs.,* 506 A.2d 1135, 1137 (D.C.1986) (quoting *Nova Univ. v. Educational Institution Licensure Comm'n,* 483 A.2d 1172, 1190 (D.C.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1759, 84 L.Ed.2d 822 (1985)). Various employees testified about Grant's actions and threats to do bodily harm with a knife on April 18, 1984, while he was at work. The evidence suggested that Grant was upset because his supervisor had informed him on April 13, 1984, that no promotions were available. Although Grant denied some statements and tried to explain another, questions of credibility are properly resolved by the person hearing the testimony and are not a matter for this court to resolve. *See Gunty v. District of Columbia Dep't of Employment Servs.,* 524 A.2d

1192, 1197 (D.C.1987) (agency fact finding involving credibility determinations is given great weight (quoting *Dell v. District of Columbia Dep't of Employment Servs.,* 499 A.2d 102, 106 (D.C.1985))); *accord, George Hyman Constr. Co. v. District of Columbia Dep't of Employment Servs.,* 498 A.2d 563, 566 (D.C.1985).

Grant's contention regarding a procedural defect arising from the absence of thirty days notice is meritless. Following two periods in which Grant was placed on continuous administrative leave, beginning April 18, the date of the threats to do bodily harm with a knife, DOES issued a notice of proposed termination. The notice, dated April 30, 1984, stated as reasons the fact that Grant had engaged in "discourteous treatment of a supervisor and other employees" by the use of threats and abusive language.[2] The notice further advised him that DOES was making an exception to the thirty-day notice requirement and proposing an immediate termination because of his involvement in conduct which constituted "an immediate hazard to the agency, ... to other employees, and to the detriment of the public safety and welfare." Finally, the notice informed Grant that he had three days to file a reply to the proposed adverse action. On May 3, 1984, Grant filed his reply in which he admitted that he had said he was "dressed to kill," but claimed that he had only done so because he was "too upset to tell [his supervisor] what happened." The final decision to terminate was made on May 8, 1984, by the director of DOES and stated that "[r]emoval of Mr. Grant serves to reasonably assure the safety of other employees within the [DOES] Division of General Accounting and Reporting," where Grant was assigned to work.

Although an employee will usually be entitled to thirty days notice of a proposed adverse action, we find no grounds on which to conclude that OEA erred in interpreting § 1608.6(11)(b) to cov-

---

**2.** The notice also stated that he had refused to perform his work for no apparent reason and

that he was charged with "inexcusable neglect of duty."

er the type of threatening behavior exhibited by Grant on April 18, 1984. This court will defer to the agency's interpretation of its enabling statute and the regulations promulgated thereunder unless the interpretation is unreasonable or contrary to the statute. *Hughes v. District of Columbia Dep't of Employment Servs.*, 498 A.2d 567, 570 (D.C.1985); *Selk v. District of Columbia Dep't of Employment Servs.*, 497 A.2d 1056, 1058 (D.C.1985). The Act authorizes the Mayor to promulgate regulations and we find no basis on which to conclude that a regulation permitting a reduced period of notice when an employee poses an imminent danger to other employees is either unreasonable or contrary to the Act. We further find that a threat to kill someone, coupled with the announcement that the means to accomplish that end are present, clearly rises to the level of conduct encompassed by § 1608.6(11)(b). DOES' actions demonstrated its concern about safety and were in accordance with the provisions of § 1604.28, regarding placement of an employee on administrative leave. DOES placed Grant on administrative leave immediately after the April 18, 1984, incident and extended his leave in order to complete its investigation of the incident. The investigation revealed that on April 13, having been advised no promotions were available, Grant threatened his supervisor by saying that he was going to break his "fucking legs." When Grant arrived at work on April 18, 1984, he said that he was carrying a knife. On that day, several employees heard Grant say that he was carrying a knife and that he intended to use it to cut or kill someone. Another employee had also heard him say that he was "dressed to kill." It hardly needs stating that this is precisely the type of conduct for which the waiver provision was intended. Similarly, it can hardly be claimed that the sanction of termination was inappropriate, and we find no abuse of discretion by OEA in imposing the sanction of termination for Grant. *Moffer v. Watt,* 223 U.S.App.D.C. 300, 303, 690 F.2d 1037, 1040 (1982); *see also Kegley, supra,* 440 A.2d at 1020 n. 11; District Personnel Regulation § 1608.6(11)(b).

Accordingly, the judgment is affirmed.