Sonna KATES, et al., Petitioners,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.

UNITED PROPERTY OWNERS, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.

Nos. 90–AA–1270, 90–AA–1509.

District of Columbia Court of Appeals.

Argued June 9, 1992.

Decided Sept. 2, 1993.

Luis R. Mejia, Washington, DC, for petitioners, Sonna Kates and Mieczyslaw Saganowski, Personal Representative of the estate of Stanley Krzeczkowski, in No. 90–AA–1270.

Matthew J. Travers, Jr., Fairfax, VA, for petitioner, United Property Owners, in No. 90–AA–1509.

John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Susan S. McDonald, Asst. Corp. Counsel, Washington, DC, filed a statement in lieu of brief, for respondent.

Before TERRY and SULLIVAN, Associate Judges, and MACK, Senior Judge.

SULLIVAN, Associate Judge:

In these consolidated appeals, a property owner ("the landlord") and two tenants in possession of the premises in question ("the tenants") seek review of the Decision and Order of the District of Columbia Rental Housing Commission ("the Commission") which approved the landlord's hardship petition pursuant to D.C.Code § 45–2522 (1990) and increased the tenants' rent by 107 percent. The landlord contends that the Commission erred by affirming the Decision and Order dated April 7, 1989, of a Rental Accommodations and Conversion Division ("RACD") hearing examiner ("the examiner") which precluded consideration of the prior property owner's equity in the property in determining the landlord's rate of return on its investment. The tenants contend that the Commission erred by affirming the examiner's order because the Commission (1) failed to include an adjustment to the landlord's maximum possible rental income ("MPRI")[1] for the year 1985; (2) allowed credit for certain alleged unsubstantiated utility expenses and penalties; and (3) allowed a vacancy loss deduction from the MPRI for a rental unit ("unit # 1") which was undergoing renovation and which had not been offered for rent during the relevant reporting period for the landlord's rent increase petition. We agree with the tenants' first and third contentions and, accordingly, reverse the Commission's order authorizing a rent increase and remand the case for further proceedings. As to the parties' remaining contentions, we affirm.

## I.

In January 1988, the landlord purchased the subject property, a five-unit, rent-controlled apartment building, for the total consideration of $225,000. To finance the purchase, a mortgage in the amount of $100,000 was placed against the property. On June 13, 1988, the landlord filed a hardship petition ("the petition") with RACD and sought a 244 percent increase in the tenants' rents, contending that it was not receiving a twelve percent rate of return on its equity in the rental property. A hearing was held before the examiner, who ordered an increase in the rent ceiling not to exceed 48.38 percent.

---

1. The MPRI is the sum of the rents from all rental units in a rental property.

The examiner ruled that the landlord could not use the former property owner's equity for purposes of determining the landlord's rate of return. In support of his ruling, the examiner reasoned that:

With respect to the treatment of equity, ... the "plain meaning" of equity or the treatment of equity in § 45–2522(b)(2) is controlling. Here, the drafters of the legislation, as well as the Rental Housing Commission ... in promulgating the regulations in 14 D.C.M.R. 4209.6 intended the equity to be used in determining the rate of return be that of the housing provider. A housing provider as defined means a landlord, an owner ... or any other person receiving or entitled to receive rents or benefits for the use or occupancy of any rental unit within a housing accommodation with the District of Columbia, *see* D.C.Code ... § 45–2503(15). Given this definition, a former owner[']s equity is clearly precluded in determining the rate of return for this housing accommodation.

The examiner also found that the landlord was entitled to a "vacancy loss"[2] in the amount of $2,748 to be deducted from the MPRI, notwithstanding his finding that:

Based on the fact that [unit] # 1 was being renovated in January and February 1988 ... one could reasonably assume, based on the nature of the renovation and cost, the unit was not habitable, thus *not offered for rent.*

(Emphasis added).

In its notice of appeal to the Commission, the landlord challenged the adverse equity ruling as well as four additional rulings of the examiner, relating to: the maximum rental income calculation; certain utility expenses claimed by the landlord but not credited by the examiner; mortgage interest claimed by the landlord but not credited by the examiner; and the examiner's ruling that the landlord had not met its burden of proof regarding expenses claimed for trash

removal. The tenants' notice of appeal to the Commission challenged only the vacancy loss ruling. Specifically, the tenants' notice stated that "[t]he tenants are submitting this [a]ppeal only with respect to the 'Vacancy Losses' section in the Order.... Everything else in the Order of the RACD appears to be correct."

## II.

■ Generally, when an agency interprets its own regulations or the statute which it administers, this court will defer to that interpretation as long as it is not inconsistent with the applicable statute. *See Columbia Realty Venture v. District of Columbia Rental Hous. Comm'n,* 590 A.2d 1043, 1046 (D.C.1991); *McCulloch v. District of Columbia Rental Hous. Comm'n,* 584 A.2d 1244, 1248 (D.C.1991); *James Parreco & Son v. District of Columbia Rental Hous. Comm'n,* 567 A.2d 43, 45–46 (D.C.1989) ("[T]he intent of the legislature is to be found in the language which it has used.").

## III.

### Landlord's Claim

■ The landlord's argument that the equity used in calculating the rate of return is based on the property, regardless of who owns it, was expressly rejected by the Commission in *Liuksila v. Watergate Management Corp.,* HP 10,355 (RHC March 9, 1988). We find no basis for concluding that the Commission's interpretation of the statute is unreasonable, plainly wrong, or inconsistent with the statute's purposes. *See* D.C.Code § 45–2502 (1990); *McCulloch, supra,* 584 A.2d at 1248. Thus, in the present case, the Commission correctly held that the prior owner's equity in the property cannot be used to determine the current landlord's rate of return. *See* D.C.Code § 45–2522(b)(2) (1990); 14 DCMR § 4209.6 (1991).

---

**2.** D.C.Code § 45–2503(38) (1990) provides:

"Vacancy loss" means the amount of rent not collectable due to vacant units in a housing accommodation. No amount shall be in-

cluded in vacancy loss for units occupied by a housing provider or his or her employees or otherwise *not offered for rent.*
(Emphasis added.)

## IV.

### Tenants' Claims

#### A. Maximum Possible Rental Income

■ The parties agree that the MPRI should include all upward rent adjustments the landlord could have taken in prior years even if the landlord did not actually take them. *See Owner of 1831 Belmont Rd., N.W. v. Tenants of 1831 Belmont Rd., N.W.,* HP 20,027 (RHC Feb. 20, 1987). Moreover, there is no dispute about the Commission's inclusion of the 1986 and 1987 adjustments or about its exclusion of the 1988 adjustment. The issue raised by the tenants is whether the Commission erred by not including the rent adjustment for 1985 in the MPRI.

The essence of the tenants' argument to this court is that:

D.C. law requires that adjustments should be included for each year beginning April 30, 1985, and ending in the year the Landlord elects to file a Hardship Petition. There is no dispute that there are three years at issue: May 1, 1985 to April 30, 1986; May 1, 1986 to April 30, 1987; and May 1, 1987 to April 30, 1988. The adjustments of general applicability for these years became effective on May 1, 1985, May 1, 1986 and May 1, 1987.

The landlord does not dispute the merits of the tenants' argument. It essentially argues, however, that the tenants did not raise this issue before the Commission and that the landlord's appeal of the examiner's MPRI ruling did not raise the issue of whether the MPRI should have included an adjustment for 1985. Thus, the landlord contends that since the 1985 rent adjustment issue was not properly before the Commission, the Commission's failure to consider it cannot be assigned as error in this court. As support for its position, the landlord relies on 14 DCMR § 3802.5 (1991), which provides that "[t]he notice of appeal [of an RACD decision] shall contain ... a clear and concise statement of the alleged error(s) in the decision of the Rent Administrator[.]"

The landlord's notice of appeal to the Commission stated, however, that "[the] Rent Administrator committed reversible error when accepting tenants' argument and computations, to wit, the maximum rental income for the reporting period was $19,879.76. The correct computation of maximum rental income is $14,644.92." The landlord's essential argument in support of the difference was that only the 1986 and 1987 adjustments, and not the 1988 adjustment, should have been included. While the tenants' notice of appeal to the Commission stated that they were raising only the vacancy loss issue, they did specifically address the MPRI calculation issue raised by the landlord. In particular, their brief filed with the Commission stated the following:

[T]he [t]enants used three automatic adjustments and not two as suggested by the [l]andlord, because there are three years between the time the rent ceiling was set (April 1985) and the end of the petition period (April 1988). Therefore, because the [r]egulations state that the increase should be equal to the CPI increase during the previous calendar year, and because there were three years of increases that could have been taken, the [l]andlord may have taken the following increases:

(1) as of January 1, 1986—4.4 percent

(CPI increase for 1985)

(2) as of January 1, 1987—4.0 percent

(CPI increase for 1986)

(3) as of January 1, 1988—1.6 percent

(CPI increase for 1987)

Even though the tenants did not raise the issue of the MPRI calculation in their notice of appeal to the Commission, the statement of that issue contained in the landlord's notice was broad enough to encompass the sub-issue of whether the 1985 rent adjustment should have been included in the MPRI. Moreover, the tenants' discussion in their brief of the three years' allowable rent increases placed the 1985 adjustment squarely before the Commis-

sion. Thus, the failure of the Commission to factor in the 1985 rent adjustment in its decision authorizing a rent increase was properly assigned as error to this court. *See Goodman v. District of Columbia Rental Hous. Comm'n,* 573 A.2d 1293, 1301 (D.C.1990) ("[C]ontentions not urged at the administrative level may not form the basis for overturning the decision on review.... [H]owever, ... the courts may show a measure of flexibility in this regard when the interests of justice so require.") (citations omitted). *See also Tenants of 2301 E St., N.W. v. District of Columbia Rental Hous. Comm'n,* 580 A.2d 622, 628 n. 11 (D.C.1990) ("[I]t was the legislative intent, in enacting the Rental Housing Act, to strike a balance between the rights of the landlords and tenants....") (citation omitted).

■ The Commission has previously recognized that the MPRI may include all upward rent adjustments the landlord could have taken in prior years even if the landlord did not take the adjustments. *Owner of 1831 Belmont Rd., N.W., supra,* HP 20,027. The tenants argued before the Commission and this court, and the landlord concedes, that there were three years of increases that could have been taken between the time the rent ceiling was established and the end of the petition period. Thus, we conclude that it was error for the Commission not to have included an adjustment to MPRI for 1985. *See Goodman, supra,* 573 A.2d at 1301; *see also Tenants of 2301 E St., N.W., supra,* 580 A.2d at 628 n. 11.

### B. Vacancy Loss Deduction

■ The tenants contend that the Commission erred in affirming a vacancy loss for unit # 1 on the basis of the examiner's finding that the unit was not offered for rent during the relevant reporting period. A vacancy loss is allowed in this jurisdiction only if the unit is vacant and offered for rent during the reporting period. *See* D.C.Code § 45–2503(38), *supra* note 2.

The landlord has the burden of proof on this issue. *See* 14 DCMR § 4003.1 (1991) ("The proponent of a rule or order shall have the burden of establishing each finding of fact essential to the rule or order by a preponderance of the evidence."); *see also Chapin St. Joint Venture v. D.C. Rental Hous. Comm'n,* 466 A.2d 414, 415 (D.C.1983).

The landlord in the present case offered into evidence: (1) a cancelled check dated February 1988 to *The Washington Post,* which purportedly represented the advertising cost for the vacant unit,[3] and (2) the testimony of an officer of United Property Owners that the unit was renovated in January and February 1988 and offered for rent in February 1988. The examiner, although finding that unit # 1 was not habitable and not offered for rent during the reporting period, nevertheless, allowed a vacancy loss. We hold that the evidence before the examiner was insufficient to support a vacancy loss. We also hold that the Commission erred in affirming the allowance of the vacancy loss, which was clearly inconsistent with its adoption of the examiner's finding that the unit was "not habitable, thus not offered for rent" during the reporting period. Accordingly, we vacate the Commission's ruling on this point.

### C. Credit for Utility Expenses and Penalties

■ The tenants also contend that the Commission erred by affirming a deduction for unsubstantiated water and sewer expenses, because the landlord failed to provide the three forms of documentation required by 14 DCMR § 4209.16 (1991). Unlike the issue of the MPRI allowance, which the landlord noticed in its appeal and which the parties expressly addressed before the Commission, neither party properly raised as an issue before the Commission the validity *vel non* of the water and sewer expenses. Under the circumstances, the "interests of justice" do not require this

---

**3.** This alleged expenditure was denied by the examiner, and the examiner's finding was affirmed by the Commission because the landlord failed to supply documentation for this expenditure in the form of an invoice or general ledger entry.

court to consider this issue on appeal.[4] *See Goodman, supra,* 573 A.2d at 1301. Although the tenants argued in their brief that the Commission erred in allowing late payment penalties on the gas account as a deductible expense, *see Nelson & Nathaniel Russ v. Tenants of 1465 Columbia Rd.,* HP 10,689 (RACD Feb. 17, 1987); *Peerless Properties v. Tenants of 1621 T St., N.W.,* HP 20,339 (RACD Dec. 7, 1987), in oral argument before this court they conceded the evidence to be sufficient to verify the gas account debt.

For the foregoing reasons, the decision of the District of Columbia Rental Housing Commission is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

*So Ordered.*

**4.** Although the tenants raised this issue in their brief in opposition to the landlord's appeal to the Commission, it was not responsive to any issue raised·by the landlord in its appeal; nor was the issue raised by the tenants in either their notice of appeal or in their appellate brief.