Barnardo D. NELSON, Appellant,

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 00–CV–477.

District of Columbia Court of Appeals.

Argued March 8, 2001.

Decided March 16, 2001.*

George N. Elfter, for appellant.

Edward E. Schwab, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

PER CURIAM:

Appellant brought this suit under 42 U.S.C. § 1983, as well as for common law torts, challenging the compliance by officials of the District of Columbia Public School System (DCPS) with post-termination procedures afforded employees, such as himself, who claim discharge without cause from employment with DCPS. Appellant has pending with the District's Office of Employee Appeals (OEA) an administrative appeal from the final agency action ordering his termination, but contends that that has no bearing on his entitlement to sue in Superior Court, in particular under § 1983, for what he contends were violations of his constitutional rights. The trial court disagreed, essentially determining that appellant had stated no claim for violation of due process (and related common law torts) because

---

* The disposition of this case was issued as a Memorandum Opinion and Judgment on March 16, 2001, and is now being published at the request of appellees.

the review proceedings provided before the OEA constitute a fully adequate remedy for alleged erroneous failure to follow DCPS's termination procedures. We agree and uphold the dismissal of appellant's suit.

In *Kelly v. Parents United for the District of Columbia Pub. Sch.*, 641 A.2d 159 (D.C.1994), we quoted the following language of the Supreme Court:

> The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Id.* at 166 (quoting *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)). Applying this standard in *Kelly*, we held that "because local, District of Columbia procedures [for challenging noncompliance with the District of Columbia Public School Nurse Assignment Act of 1987] are 'constitutionally adequate,' there is no § 1983 violation here." *Id.* at 169 (citation omitted).

We reach the same conclusion here. Appellant's complaint did not dispute the post-termination nature as such of the procedures afforded him by DCPS to challenge his discharge. Rather, he alleged that DCPS violated its regulations in multiple respects, including the failure to follow time requirements for issuance of findings by a hearing officer, as well as for entry of the Superintendent's final decision. He also contends that the Superintendent "changed the rules," in effect, by attempting to force the hearing officer to reconsider his findings (apparently favorable to appellant) and take into account evidence that DCPS had not presented at the evidentiary hearing.

Each of these alleged violations would be remediable by "local, District of Columbia procedures." *Kelly, supra; see generally, Montgomery v. District of Columbia,* 598 A.2d 162, 165–67 (D.C.1991) (describing role of OEA in appeals from adverse actions). The claim that the Superintendent misused or circumvented the hearing process is the very stuff of appeals routinely conducted and decided by the OEA. *See, e.g., Hutchinson v. District of Columbia,* 710 A.2d 227, 234 (D.C.1998) (pointing to OEA's "expertise in administering and enforcing the District of Columbia Personnel Regulations"). A claim that the agency breached its time requirements and thereby prejudiced the employee's ability to challenge the adverse action would also be remediable by OEA.[1] Appellant argues that the lengthy post-termination delay subjected him to "economic and personal dislocation injury" (Br. at 15), but he likewise had means to bypass or potentially shorten that delay. OEA's Regulation § 404.2(b), effective at the time, allowed OEA to assume jurisdiction of an appeal even without a final agency decision on the matter, "if the agency fails to render a final decision within the time limits provid-

---

1. To the extent appellant argues that DCPS's failure to heed its time requirements, without more, rendered his termination unlawful, that argument is answered by our numerous decisions holding such deadlines normally to be directory rather than mandatory. *See, e.g.,* *Hughes v. District of Columbia Dep't of Employment Servs.,* 498 A.2d 567, 571 n. 8 (D.C. 1985); *Chapin St. Joint Venture v. District of Columbia Rental Hous. Comm'n,* 466 A.2d 414, 416 n. 1 (D.C.1983).

ed in its own rules and regulations." Moreover, mandamus or similar injunctive relief are available to prevent unreasonable agency delay. *See, e.g.,* D.C.Code § 1–1510(a)(2) (court of appeals may "compel agency action unlawfully withheld or unreasonably delayed").[2]

In short, appellant made no showing that the procedures available to him under District of Columbia law to challenge an unjust termination are not constitutionally adequate. *See Kelly, supra.* For that reason, the trial court correctly dismissed his § 1983 claim. And his related common law claims were properly dismissed for failure to exhaust his administrative remedies. *See Gilmore v. Board of Trustees of the Univ. of the District of Columbia,* 695 A.2d 1164, 1166 (D.C.1997).

*Affirmed.*

---

2. Because OEA's regulation and resort to the courts to prevent unreasonable delay gave appellant adequate means to avoid the prejudicial uncertainty he claims, his reliance on *Barry v. Barchi,* 443 U.S. 55, 99 S.Ct. 2642, 61 L.Ed.2d 365 (1979), is misplaced. *See id.* at 66, 99 S.Ct. 2642 (due process required that Barchi "be assured a prompt postsuspension hearing, one that would be concluded without appreciable delay").