Alwin W. HARDING, Appellant,

v.

**DISTRICT OF COLUMBIA OFFICE OF EMPLOYEE APPEALS, et al., Appellees.**

No. 04–CV–1532.

District of Columbia Court of Appeals.

Submitted Nov. 29, 2005.
Decided Dec. 1, 2005.

Darryl White and Glenwood Roane, Sr., filed a brief for appellant.

Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab and Gail L. Davis Elkins, Deputy Attorneys General, filed a brief for appellees.

Before SCHWELB, FARRELL, and FISHER, Associate Judges.

SCHWELB, Associate Judge:

## I.

On May 22, 1999, Alwin W. Harding was involuntarily separated from his position as a Medical Office Administrator with the District of Columbia Department of Corrections (DOC) as a result of a Reduction in Force (RIF) in which Harding's position was abolished. The RIF occurred in connection with the closing of the DOC's facility in Lorton, Virginia. Harding's RIF notice was issued on April 30, 1999, twenty-two days prior to his separation.

Harding petitioned the Office of Employee Appeals (OEA) to set aside his separation, claiming that he had not received thirty days notice as required by law. On February 21, 2001, an OEA Administrative Judge (AJ) ruled that the RIF was substantively proper[1] but that Harding should have been given thirty days notice in conformity with the District of Columbia Appropriations Act of 1999, Pub.L. No. 105–27, 112 Stat. 2681–144 (1998). Notwithstanding this procedural error, the AJ upheld the DOC's decision to abolish Harding's position. The AJ ruled that the proper remedy was to require the agency to provide Harding with all of the pay and benefits that he would have received between May 22, 1999, when his position was abolished, and May 30, 1999, when he would have been separated from

his position if he had received the full thirty days notice required by the statute.

On November 21, 2002, the AJ's decision was affirmed and adopted by the full OEA Board. Harding then appealed to the Superior Court, which affirmed the OEA's decision on November 12, 2004. Harding now appeals to this court.

## II.

Harding does not contend, nor can he, that he would not have been separated from the DOC if he had received the full thirty-day notice required by statute. Indeed, he does not claim that the relief awarded by the OEA—pay and benefits for the eight days from May 22 to May 30, 1999—does not fully compensate him for any actual harm that he suffered as a result of the procedural error. Rather, Harding asserts that the RIF must be set aside as a result of DOC's failure to comply strictly with the notice requirements of the statute.

In rejecting Harding's position, the OEA relied on its "harmless error" regulation, 6 DCMR § 632.4 (1999), which provides as follows:

Notwithstanding any other provision of these rules, the Office shall not reverse an agency's action for error in the application of its rules, regulations, or policies if the agency can demonstrate that the error was harmless. "Harmless error" shall mean:

Error in the application of the agency's procedures, which did not cause substantial harm or prejudice to the employee's rights and did not significantly affect the agency's final decision to take the action.

The OEA is authorized by statute to promulgate regulations necessary to carry out

1. Harding had claimed that another individual, rather than he, should have been separated as a result of the RIF. Harding has not pursued this issue in the present appeal.

its duties. *See* D.C.Code §§ 1–601.01, –601.02(a)(5) (2001). A validly promulgated regulation generally has the force of law. *J.C. & Assocs. v. District of Columbia Bd. of Appeals & Review,* 778 A.2d 296, 303 (D.C.2001).

 "At the outset, we note that this court must conduct the identical review of the OEA's decision that we would undertake if this appeal had been heard initially in this court." *Davidson v. Office of Employee Appeals,* 886 A.2d 70, 71 (D.C.2005) (per curiam) (quoting *Davis v. Univ. of the District of Columbia,* 603 A.2d 849, 851 (D.C.1992)) (internal quotation marks and brackets omitted). Specifically, we may invalidate agency action only if it is unsupported by substantial evidence, or if it is arbitrary, capricious, or an abuse of discretion. *See, e.g., Proulx v. Police & Firemen's Retirement & Relief Bd.,* 430 A.2d 34, 35–36 (D.C.1981). Moreover, we must accord great weight to any reasonable construction by the OEA of the statute which it administers. *See Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *United Parcel Serv. v. District of Columbia Dep't of Employment Servs.,* 834 A.2d 868, 871 (D.C.2003); *see generally Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843 & n. 11, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). In this case, the OEA's determination that Harding suffered no substantial prejudice as a result of the agency's procedural error is supported by substantial evidence; indeed, it is indisputable. Moreover, adoption and application of a harmless error standard is rational, rather than arbitrary or capricious, for it is analogous to the harmless error standard which has been made applicable to judicial proceedings by statute, D.C.Code § 17–305 (2001), and by rule of court. *See* Super. Ct. Civ. R. 61; *cf.* Super. Ct. Crim. R. 52(a). Accordingly, the decision of the Superior Court is

*Affirmed.*