Henry M. THOMPSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 07–CV–1161.

District of Columbia Court of Appeals.

Argued Jan. 8, 2009.
Decided Sept. 3, 2009.

---

103. *Id.*

Robert L. Bell for appellant.

Mary T. Connelly, Assistant Attorney General, with whom Peter J. Nickles, Interim Attorney General for the District of Columbia, Todd S. Kim, Solicitor General, and Donna M. Murasky, Deputy Solicitor General, were on the brief, for appellee.

Before RUIZ, KRAMER, and FISHER, Associate Judges.

KRAMER, Associate Judge:

Appellant Henry Thompson, who was suspended for ninety days from his job as an information technology specialist with the District of Columbia Public Schools ("DCPS"), argues that the trial court erred in dismissing his complaint challenging the suspension for lack of jurisdiction. We affirm the trial court's dismissal.

## I. Factual Background

The background of this matter, as accurately described in the trial court's ruling, is as follows:

Plaintiff is employed by the D.C. Public Schools ("DCPS"). On September 1, 2004, DCPS issued a notice of termination based on plaintiff's alleged deficient performance as an information technology specialist, which plaintiff

challenged in an administrative hearing. The hearing examiner modified the penalty from termination to a ninety-day suspension. Pursuant to 5 DCMR § 1406.1, plaintiff appealed the adverse action decision to the Superintendent of Schools. The Superintendent of Schools (now the Chancellor) did not act within the twenty day period prescribed by 5 DCMR § 1409.6 and instead did not act until almost two years later on July 25, 2007. In a document entitled "Final Agency Decision" Chancellor Rhee upheld the hearing examiner's decision, deemed the plaintiff to have exhausted all administrative remedies, and advised plaintiff of his right to appeal her decision to the Office of Employee Appeals [OEA] within thirty days. Chancellor Rhee also enclosed a copy of the OEA Rules and appeal form and provided him information about how to access the information on the internet. Instead of filing an appeal with OEA, plaintiff filed various pleadings in [the Superior Court], including an amended complaint. The trial court dismissed the complaint on the ground that it lacked jurisdiction to hear Thompson's claim prior to resolution of it by OEA. This appeal followed.

## II. Standard of Review

■ Where, as here, "the matter under review requires invocation or declaration of a fact-free general principle of law, the court will designate the issue as a question of law and review the matter 'de novo.'" *Washington Teachers' Un-*

*ion, Local # 6 v. D.C. Pub. Schs.*, 960 A.2d 1123, 1131 (D.C.2008) (citation omitted).

## III. Legal Discussion

■ At issue is whether Thompson was required to file an appeal with OEA before filing a complaint in the Superior Court. The Comprehensive Merit Personnel Act ("CMPA"), specifically D.C.Code § 1–606.03(a) (2001), provides: "An employee may appeal a final agency decision affecting a performance rating which results in ... suspension for 10 days or more (pursuant to subchapter XVI–A of this chapter) [1] to [OEA] upon the record and pursuant to other rules and regulations which [OEA] may issue." The statute further provides that "[a]ny employee ... may appeal the decision of [OEA] to the Superior Court of the District of Columbia for a review of the record...." *Id.* § 1–606.03(d).[2] Where OEA has jurisdiction to hear an appeal from a final agency opinion, an employee must appeal to OEA before filing a complaint in the Superior Court. *District of Columbia v. Thompson*, 593 A.2d 621, 634 (D.C.1991) ("[T]he Council 'plainly intended' CMPA to create a mechanism for addressing virtually every conceivable personnel issue among the District, its employees, and their unions—with a reviewing role for the courts as a last resort, not a supplementary role for the courts as an alternative forum." (citation omitted)) [3]

This court has repeatedly held that employees of DCPS must appeal to OEA

---

1. Subchapter XVI–A provides that "[a]n appeal from a ... suspension of 10 days or more may be made to [OEA]." D.C.Code § 1–616.52(b).

2. "The term 'employee' means, except when specifically modified in this chapter, an individual who performs a function of the District government and who receives compensation for the performance of such services." D.C.Code § 1–603.01(7).

3. Thompson argues that he did not have to appeal to OEA because he was an "educational employee," a category the CMPA exempts from some of its provisions. The statute, however, does not exempt educational employees from the requirement of appeal to the OEA, set forth in subchapter VI (specifically, § 1–606.03); only matters contained in subchapters VIII, IX, and X–A are excepted from the CMPA's reach regarding educational em-

before they may file a complaint in the Superior Court. *See Washington Teachers' Union, supra,* 960 A.2d at 1134 (holding that unions alleging that DCPS violated the CMPA by improperly eliminating jobs and terminating teachers and other staff through a reduction in force "must present their claims in the first instance to OEA"); *Nelson v. District of Columbia,* 772 A.2d 1154, 1156 (D.C.2001) (affirming dismissal of common law tort claims challenging post-termination procedures afforded DCPS employees, where an appeal was pending with OEA, "for failure to exhaust [plaintiff's] administrative remedies"). *See also McManus v. District of Columbia,* 530 F.Supp.2d 46, 77–78 (D.D.C.2007) (DCPS employees who alleged that the District wrongfully terminated them "must pursue adverse actions before the OEA and then in Superior Court"). Thus, it is clear that the CMPA requires DCPS employees such as Thompson to file an appeal with OEA before filing a complaint in the Superior Court.

■ Thompson argues, however, that he exhausted his administrative remedies by appealing to the DCPS Chancellor, and thus cannot be required to appeal to OEA since, he asserts, DCPS employees have the option of appealing either to the Chancellor or to OEA. His argument is based partly on a regulation which provides that suspensions for more than thirty days "shall be taken pursuant to the provisions of § 1406." 5 DCMR § 1402.5 (2002). Section 1406.1, in turn, states:

An employee shall have the right to appeal a . . . suspension for more than thirty (30) days to the Superintendent of Schools and receive a hearing on the appeal pursuant to the provisions of this section, except in the following instances:

. . .

(c) An employee who has appeal rights to another governmental agency under any statute of the United States or District of Columbia, and who elects to exercise those appeal rights, shall be deemed to have waived all appeal rights under this chapter.

5 DCMR § 1406.1. Thompson argues that under § 1406.1(c), a DCPS employee may appeal to either OEA or the Chancellor, and that since he opted to appeal to the Chancellor, an appeal to OEA was unnecessary. The language of § 1406.1(c), however, does not support his argument. Specifically, it does not say that an employee may waive or bypass appeal to another agency (here, OEA) by appealing to the Chancellor, nor does Thompson point to any case law interpreting the regulation that way. On the contrary, as discussed above, courts have consistently required DCPS employees challenging adverse actions to appeal to OEA before filing suit in the Superior Court.[4] Moreover, if the regulation purported to relieve DCPS employees of the requirement to appeal to OEA, it would conflict with the language of the CMPA quoted earlier. *See Davis, supra,* 603 A.2d at 852–53 ("It is well settled in this jurisdiction that a regulation [must] be consistent with the statute under which it was promulgated." (citation and internal quotation marks omitted)).[5] Rather, the

ployees. We accordingly need not reach the District's argument that Thompson does not qualify as an educational employee.

4. Thompson's reliance on *Davis v. University of the District of Columbia,* 603 A.2d 849 (D.C.1992), is misplaced. *Davis* dealt with the right of educational employees of the University of the District of Columbia ("UDC") to

appeal a reduction in force, which was provided in subchapter XXV of the CMPA, from which educational employees of UDC were expressly excluded. *Id.* at 851.

5. The Board of Education's regulations appearing at 5 DCMR §§ 1400.1–1409.10 are promulgated under the CMPA. *See* D.C.Code § 1–604.04(d) ("The District of Columbia

language of the regulation is most naturally read to mean that an employee gives up his right to appeal to the Superintendent (now the Chancellor) if he exercises other appeal rights. Because Thompson did in fact appeal to the Superintendent, this section does not apply.

Thompson argues, finally, that the Superior Court had jurisdiction to hear this case "in order to prevent unreasonable delay and undue prejudice resulting from a continuing administrative failure to comply with [a] mandated time period and to avoid appreciable administrative delay." In effect this is an argument that DCPS's failure to issue a timely final agency decision, *see* 5 DCMR § 1409.6 ("The determination of the appeal shall be made in writing by the Superintendent Schools or appeals panel within twenty (20) days of the receipt of the official record from the hearing office."), conferred jurisdiction on the Superior Court that it otherwise lacked. First, however, this court has issued "numerous decisions holding such deadlines normally to be directory rather than mandatory." *Nelson, supra,* 772 A.2d at 1155 n. 1 (citing *Hughes v. D.C. Dep't of Employment Servs.,* 498 A.2d 567, 571 n. 8 (D.C.1985); *Chapin St. Joint Venture v. D.C. Rental Hous. Comm'n,* 466 A.2d 414, 416 n. 1 (D.C.1983)). Second, this court rejected an argument identical to Thompson's in *Nelson,* pointing out that "[a] claim that the agency breached its time requirements and thereby prejudiced the employee's ability to challenge the adverse action would also be remediable by OEA." 772 A.2d at 1155. Pursuant to *Nelson,* the Superior Court does not have jurisdiction to hear an appeal that should have been taken to OEA merely because the agency failed to render a final decision within the appropriate time limits.

Board of Education ... shall ... issue rules and regulations to implement the provisions

Accordingly, the trial court correctly ruled that it did not have jurisdiction to hear this case, since Thompson was required to appeal first to OEA.

*Affirmed.*

of subchapter[ ] ... XVI–A", which includes D.C.Code § 616.52(b)).